UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOANITA ADAMS,

               Plaintiff,

v.

CITY OF FEDERAL WAY,

               Defendant.

C09-867Z

ORDER

THIS MATTER comes before the Court on defendants' motion to dismiss, and various motions brought by plaintiff. Having reviewed all papers filed in support of and in opposition to the motions, the Court now ORDERS:

(1) Plaintiff's motion to correct, docket no. 22, her reply, which was titled "(Omnibus Motion) Answer to Parties Response Motion," docket no. 20, is GRANTED. In both her reply and her motion to correct, plaintiff indicates that she sent notice to the Washington State Attorney General, pursuant to Fed. R. Civ. P. 5.1(a), of her challenge to the constitutionality of certain state statutes and Federal Way ordinances. The Court accepts plaintiff's representation that she sent notice to the Attorney General by certified mail on October 5, 2009.

(2) Plaintiff's motion concerning constitutional question, docket no. 16, is DENIED. In her motion, plaintiff asserts that certain state statutes and Federal Way

ORDER - 1

ordinances violate the Thirteenth Amendment by authorizing city and county jails to compel prisoners to work eight hours per day. *See* RCW 9.92.130; RCW 9.92.140. The Thirteenth Amendment, however, does not apply to or prohibit penal labor. U.S. CONST. amend. XIII, § 1 ("Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States, or any place subject to their jurisdiction." (emphasis added)); *Draper v. Rhay*, 315 F.2d 193 (9th Cir. 1963). Plaintiff's constitutional challenge lacks merit, and the Court need not wait for any response from the Attorney General before denying plaintiff's motion. *See* Fed. R. Civ. P. 5.1(c) ("Before the time to intervene expires, the court may reject the constitutional challenge . . . .").

   (3) Defendants' motion to dismiss, docket no. 11, is GRANTED. Plaintiff alleges that, in sentencing her to 30-days confinement for assault in the fourth degree, Federal Way Municipal Court Judge Michael Morgan "developed an aggravated temperament" and showed "disapproval" of her statement that she was "tired of white America utilizing the judicial system as a step on [sic] tool against people of color in this country." Complaint at 3 (docket no. 3). Plaintiff seeks compensatory and punitive damages, as well as attorney's fees and costs; she has not specifically sought injunctive relief. The law is well settled that judges have absolute immunity from suits for monetary damages arising from their judicial acts. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). An act is judicial in nature if (i) it is a normal judicial function; (ii) it occurred in the judge's chambers or courtroom; (iii) it related to a case then pending before the judge; and (iv) it was directly associated with and immediately flowed from a confrontation with the judge in his or her official capacity. *Id.* The Court is satisfied that plaintiff's claims seek remuneration for acts as to which Judge Morgan has absolute immunity. *See also Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity

ORDER - 2

applies even when the judge is accused of acting maliciously and corruptly . . . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.").

As to the City of Federal Way, plaintiff appears to assert a claim under 42 U.S.C. § 1983, alleging violation of her due process, equal protection, and/or search and seizure rights. The Complaint, however, contains no allegation that any actions adverse to plaintiff were taken pursuant to an official policy or longstanding practice or custom of the City of Federal Way or were conducted by a person with final policy-making authority for the City of Federal Way. Absent such factual material, the Complaint fails to state a plausible claim for relief. *See* *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005); *see also* *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Moreover, plaintiff may not use a § 1983 action to challenge the lawfulness or validity of a criminal conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

(4) Plaintiff's claims against Federal Way Municipal Court Judge Michael Morgan are DISMISSED with prejudice. Plaintiff's claims against the City of Federal Way are DISMISSED without prejudice. The Clerk is directed to close this case. If plaintiff believes she can state a cognizable claim against the City of Federal Way, she may file a motion to

1  reopen the case and to amend the complaint, along with a proposed amended complaint,
2  within thirty (30) days of the date of this Order.
3  (5) Plaintiff's motion to issue summons, docket no. 23, is DENIED. The
4  Complaint, which has now been dismissed, does not name any defendants other than Judge
5  Morgan and the City of Federal Way, and therefore summons cannot be issued to the persons
6  listed in plaintiff's motion.
7  (6) The Clerk is directed to send a copy of this Order to all counsel of record and
8  to plaintiff pro se.
9  IT IS SO ORDERED.
10  DATED this 27th day of October, 2009.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 4